UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NOAH ALLEN RICHARDSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:25-CV-224-HAB-SLC |
| ROSS, | |
| Defendant. | |

OPINION AND ORDER

Noah Allen Richardson, a prisoner without a lawyer, filed a complaint. ECF 1. "Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Richardson, who is currently incarcerated at the DeKalb County Jail, alleges that sometime between October 27, 2024, and November 12, 2024, Officer Ross struck him in the face with a closed fist while he was being restrained. Richardson claims that, at the time of the incident, his hands were cuffed, both arms were underneath his body, and he was lying prone on the floor. He asserts that Officer Ross admitted to striking him in the face.

Richardson is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (internal quotation marks and citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment excessive force claim by alleging: (1) the defendant "intended to commit the physical act that caused the alleged injury" and (2) the use of force was objectively unreasonable. *Pittman v. Madison Cty. Ill.*, 108 F.4th 561, 570 (7th Cir. 2024) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015)).

As to the first prong, negligent acts cannot lead to liability. *Id.*; *see also Miranda*, 900 F.3d at 353 ("[N]egligent conduct does not offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice.). With regard to the second prong, "[a] jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting

*Kingsley*, 576 U.S. at 398). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Such factors include the relationship between the need for force and the amount of force used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

Here, Richardson claims Officer Ross punched him in the face with a closed fist while he was fully restrained and not resisting—all for no discernable reason. Although further fact-finding may reveal the force used was objectively reasonable under the circumstances, Richardson has stated a plausible claim under the Fourteenth Amendment at this early stage.

For these reasons, the court:

(1) GRANTS Noah Allen Richardson leave to proceed against Officer Ross in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on one instance between October 27, 2024, and November 12, 2024, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

3

locate and serve process on) Officer Ross at DeKalb County Jail, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the DeKalb County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Ross to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 20, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
